TATE, Judge.
The plaintiff-passenger, Miss Haas, was injured when the car in which she was riding collided with another. Her driver lost control after the vehicle entered a flooded section of the highway. Miss Haas sues the state Department of Highways, alleging that its negligence was a proximate cause of the accident. The plaintiff appeals from dismissal of her suit.
The alleged negligence of the Department is its failure to provide sufficient warning of the highway hazard of the flooded area. The trial court rejected this contention. The plaintiff contends that the trial court committed manifest error in its interpretation of the factual evidence.
The accident arose as an aftermath of Hurricane Cindy. Some 17 inches of rain had fallen on the two days preceding the accident, flooding several portions of the highway in the area.
The accident occurred about four miles east of Vinton on U. S. Highway 90, then the principal east-west highway of South Louisiana. The preponderance of the testimony shows that water had collected on the highway at the site of the accident for a length of 300 feet and a depth of 2-4 inches.
The evidence further indicates that traffic could proceed safely through the water at a speed of 30 mph and under. The plaintiff’s driver apparently lost control because she proceeded into the water at 55-60 mph.
The principal factual issues concern (a) whether the accident happened in daylight hours (so that, arguably, the hazard should have been reasonably evident to the driver) and (b) whether the highway department employees put up suitable warning stakes and signs, as they testified.
The trial court’s written reasons provide an excellent analysis of the evidence. As noted in it, a preponderance of the testimony shows that this 6:30 PM accident of September 19th happened toward dusk, but when there was sufficient daylight for a reasonably prudent motorist to observe the flooded area of the highway and to slow before entering it.
The trier of fact also accepted as accurate the testimony of the highway department employees that they had provided suitable warnings of the hazard by signs (with flares) warning of high water and by lines of stakes with red strips to show the location of the highway through the water.
The plaintiff-appellant forcefully points out that much of this testimony concerns the situation the day before the accident (and not necessarily as of its time), and that some of it is vague as to whether it really refers to the particular site of the accident. She relies with some confidence on the testimony of the investigating police officers and of various substantial and disinterested witnesses that they do not remember any such warnings.
However, this conflicting testimony was taken at the trial some five and one-half years after the accident. We are unable to say that the trial court committed manifest error in its evaluation of this conflicting and essentially vague testimony.
We are reenforced in this view by the sworn question-and-answer statement of the nearest homeowner to the flooded site, taken three weeks after the 1963 accident and admitted by stipulation at the trial. With specific reference to the accident, this witness (Percy Manuel) testifies positively that the flares and stakes-with-red-flags were in place, as the highway department witnesses testified at the trial.
We therefore affirm the holding of the trial court that the highway department had provided sufficient warning of the flooded condition of the highway and that the sole proximate cause of the accident was the failure of the plaintiff’s driver to exercise reasonable care to observe the hazard and to slow her vehicle and maintain adequate control of it. The dismissal of the plaintiff’s suit is affirmed, at her cost.
Affirmed.